UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CR-20836-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BERNARD MOORE,

    Defendant.

_____/

## ORDER DENYING DEFENDANT MOORE'S MOTION FOR A NEW TRIAL

The Defendant, Bernard Moore, pursuant to Rule 33, moves for a new trial based on two grounds: 1) "Jury misconduct tainted the case" and 2) "The verdicts were contrary to the weight of the evidence." Both of these grounds were raised, discussed, and ruled on at the trial. For the reasons stated by the Court during the trial, the Court rejects each of these grounds.

### Jury misconduct tainted the case.

This ground is based on Jury Note Number 6 delivered by the jury during its deliberations. The note stated: "Various members of the jury would like to speak with you directly about their safety upon the conclusion of the trial. Can we have a couple of minutes to discuss this with you?"

In response to the note, the Court conducted an in-camera inquiry of the jury foreperson and was, and remains, satisfied that there was not jury misconduct and that the jury's verdict was not influenced or tainted by fear on the part of any juror. Moreover, the Court formally responded to the jury's note, stating: "The Court and the parties agree that there is no reason for any concern about the safety of any juror in this case. Therefore the Court further instructs that you should continue to deliberate on the issues before you and should not let any such concerns be part of your consideration in your further deliberations." There is nothing to suggest that the jury failed to follow

the Court's instruction, and the Court is satisfied that the jury did so. There is no basis for a new trial based on this argument. *See United States v. Maye*, 241 F. App'x 638 (11th Cir. 2007).

<u>The verdicts were contrary to the weight of the evidence.</u>

The crux of the Defendant's argument here is that the firearm counts, counts four and five, allege that the relevant criminal firearm conduct occurred "on January 10th, 2016," while the relevant criminal firearm conduct established by the evidence showed that it occurred on a different date, that is January 6, 2016. In fact, the indictment charges that the relevant conduct occurred "on or about January 10, 2016." This claim, after being fully and fairly discussed both pre-trial, in Moore's motion in limine, and at trial, was rejected by the Court. Moore has added no further reason for the Court to reverse its earlier position. There was sufficient evidence, including, but not limited to, the January 6, 2016 video, for the jury to reasonably infer beyond a reasonable doubt that Moore possessed a firearm on or about January 10, 2017. Adopting its prior reasoning, the Court again finds no basis for a new trial (or judgment of acquittal) based on Moore's second argument.

For the reasons stated in open court and in this order, it is hereby

**ORDERED AND ADJUDGED** that the Motion for a New Trial **[ECF No. 159]** is **DENIED.**

**DONE AND ORDERED** in Chambers in Miami, Florida this 21 day of July, 2017.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

<u>Copies provided to</u>:
Counsel of record